```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
      Plaintiff
                               :

      vs.                      :   CRIMINAL NO. 1:CR-02-187-01

                               :
MARCEL L. BROWN, SR.,
      Defendant                :
```

*M E M O R A N D U M*

I.   *Introduction*

Defendant, Marcel L. Brown, Sr., has filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. The Public Defender has also filed a supplement to the motion. The probation office has submitted an addendum to the presentence report (PSR), concluding that the amendment has no effect on Defendant's applicable guideline range.

We have authority to reduce Defendant's sentence only if Amendment 706 has the effect of lowering his applicable guideline range. Because we agree with the probation office's conclusion that the amendment does not have that effect, we will deny the motion for reduction in sentence.

II.  *Background*

In January 2003, Defendant pled guilty to an information charging him in count I with distribution and possession with the intent to manufacture and distribute an unspecified amount of cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 841(a)(1), and in count II with money laundering in violation of 18 U.S.C. § 1957(a).

Defendant's guideline range was calculated as follows. His cocaine-base quantity was at least 1.5 kilograms, giving him a base offense level of 38. (PSR ¶ 36). Adding two points for possession of a firearm and four points for Defendant's role in the offense made his total offense level 44. Defendant's criminal history category was VI. This gave him a guideline range of 360 months to life, but because of statutory maximums on counts I and II, his guideline range was 360 months. At sentencing in January 2004, upon the government's motion under U.S.S.G. § 5K1.1, Defendant was sentenced to a total of 216 months.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an

amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments
> listed in subsection (c) for the

3

>           corresponding guideline provisions that were
>           applied when the defendant was sentenced and
>           shall leave all other guideline application
>           decisions unaffected.

*Id.*, § 1B1.10(b)(1).

In applying section 1B1.10, Defendant's guideline range remains unaffected by the amendment. Defendant's drug quantity was at least 1.5 kilograms of cocaine base. That leaves him with a criminal history category of VI, a total offense level of 42, and a guideline range of 360 months based on the statutory maximum sentences for the two counts of conviction. We therefore cannot grant his motion.

In his pro se motion and in his counseled supplement, Defendant relies on *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), in contending that section 1B1.10 is advisory only. But the Third Circuit does not permit reliance on *Kimbrough* in a section 3582(c)(2) motion. In *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002), the Third Circuit decided that a motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. The Third Circuit has also rejected an attempt to use section 3582(c)(2) to make a claim directly under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), without tying it to a

retroactive amendment. *See United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(per curiam) (nonprecedential).[1]

        We will issue an appropriate order.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: August 28, 2008

---

[1] Defendant's supplement also wants us to take into account the sentencing disparity between crack and powder cocaine and Defendant's positive educational achievements while in prison, but again we are limited to consideration of the retroactive guideline.

5

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,     :
          Plaintiff
                              :

          vs.                 :  CRIMINAL NO. 1:CR-02-187-01

                              :
MARCEL L. BROWN, SR.,
          Defendant           :
```

*O R D E R*

AND NOW, this 28th day of August 2008, it is ORDERED that Defendant's motion (doc. 608) under 18 U.S.C. § 3582(c)(2) for a sentence reduction is denied.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge